**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**WHITE PLAINS DIVISION**

| | | |
|---|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE |
| CAPITAL TRUCKING, INC., ROBERT G. ANDERSON, DIANE C. ANDERSON | ) ) ) | NO. 7:18-cv-10871 |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff Carolina Casualty Insurance Company (hereinafter "Plaintiff" or "CCIC"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure files this Petition for Declaratory Judgment showing the Court as follows:

**PARTIES AND JURISDICTIONAL ALLEGATIONS**

1.      CCIC is an insurance company incorporated and organized under the laws of the State of Iowa, having its principal place of business in the State of Iowa.

2.      Upon information and belief, Defendant Capital Trucking, Inc. (hereinafter "Capital Trucking") is a company incorporated and organized under the laws of the State of Illinois, having its principal place of business in the State of Illinois.

3.      Upon information and belief, Defendants Robert G. Anderson and Diane C. Anderson are individual resident citizens of the State of New York.

4.      This Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds

the sum of $75,000.00.  Accordingly, jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332 and on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

5.      Additionally, jurisdiction in this matter is proper pursuant to 28 U.S.C. § 1331 because this action requires resolution of the operation and effect of the MCS-90 Endorsement, which is attached to the insurance policy at issue in this lawsuit.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

## UNDERLYING CLAIM

7.      Upon information and belief, on or about November 1, 2010, Defendant Robert Anderson was injured in an automobile accident in Orange County, New York, when a tractor-trailer operated by Constantin Bagiu struck a vehicle that Defendant Robert Anderson was driving (hereinafter "the Accident").

8.      Upon information and belief, Marius Pandaru owned the 2005 Freightliner tractor Constantin Bagiu was operating at the time of the Accident.

9.      Upon information and belief, Adrian Goia owned the 2001 Utility trailer Constantin Bagiu was operating at the time of the Accident.

10.      At the time of the Accident, Trucker's Association of Chicago, LLC (hereinafter "TAOC") was the motor carrier because it was engaged in the transportation of the goods or property of another for compensation.

11.      At the time of the Accident, TAOC was insured under Commercial Auto Policy No. DAL010209 (hereinafter "the Delos Policy") issued by Delos Insurance Company (hereinafter "Delos"). A certified copy of the Delos Policy (with premium information redacted)

is attached to this Complaint as Exhibit "1."

12.     At the time of the Accident, Defendant Capital Trucking was not the motor carrier because it was not engaged in the transportation of the goods or property of another for compensation.

13.     Defendants Robert Anderson and Diane Anderson have asserted that several individuals and entities, including Defendant Capital Trucking, are liable for damages caused by the Accident in a civil action styled  Robert G. Anderson and Diane C. Anderson v. Constantin D. Bagiu, Marius B. Pandaru, Trucker's Association of Chicago, LLC, Marten Transport LTD., Terence LTD., Adrian Goia, and Capital Trucking, Inc., in the Supreme Court of the State of New York, County of Orange, index no. 1240/2011 (hereinafter "the Underlying Lawsuit").

14.     Although CCIC does not agree with the finding, the Judge in the Underlying Lawsuit has determined that both TAOC and Defendant Capital Trucking are liable for the actions of Constantin Bagiu under a theory of statutory employment.

15.     Upon information and belief, the Delos Policy provides liability insurance coverage to Defendant Capital Trucking, Constantin Bagiu, and TAOC for the claims alleged in the Underlying Lawsuit.

16.     The attorney representing Defendants Robert Anderson and Diane Anderson recently demanded that, in order to settle the Underlying Lawsuit, Delos pay the $1,000,000 in liability insurance coverage available under the Delos Policy and CCIC pay $750,000 under the MCS-90 Endorsement described below.

## THE CCIC POLICY

17.     CCIC issued Commercial Auto Policy No. CST_492272_P (hereinafter "the CCIC Policy") to Defendant Capital Trucking, which was in effect at the time of the Accident. A

certified copy of the CCIC Policy (with premium information redacted) is attached to this Complaint as Exhibit "2." All provisions of the CCIC Policy are adopted and incorporated herein by reference.

18.     The CCIC Policy was issued by CCIC in compliance with the federal financial responsibility requirements set forth in 49 C.F.R. § 387.1 et seq.

19.     The CCIC Policy contains the following insuring agreement:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". . . . We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.

20.     In the "Truckers/Motor Carrier Coverage Form Declarations," the CCIC Policy states that "Covered 'Autos'" for liability coverage are described under Symbol "67."

21.     The CCIC Policy defines "Covered 'Autos'" under Symbol "67" as "Specifically Described 'Autos' – Only those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Liability Coverage any 'trailer' you don't own while attached to any power unit described in Item Three)."

22.     Neither the 2005 Freightliner tractor nor the 2001 Utility trailer Constantin Bagiu was operating at the time of the Accident are described on the CCIC Policy.

23.     Neither the 2005 Freightliner tractor nor the 2001 Utility trailer Constantin Bagiu was operating at the time of the Accident qualify as "Covered 'Autos'" under the CCIC Policy.

24.     The CCIC Policy also contains a Form MCS-90 Endorsement that states, in part, as follows:

ENDORSEMENT    FOR    MOTOR    CARRIER    POLICIES    OF
INSURANCE FOR PUBLIC LIABILITY UNDER SECTIONS 29 AND
30 OF THE MOTOR CARRIER ACT OF 1980

* * * *

In consideration of the premium stated in the policy to which this
endorsement is attached, the insurer (the company) agrees to pay, within
the limits of liability described herein, any final judgment recovered
against the Insureds for public liability resulting from negligence in the
operation, maintenance, or use of motor vehicles subject to the financial
responsibility requirements of Sections 29 and 30 of the Motor Carrier Act
of 1980 regardless of whether or not such negligence occurs on any route
or in any territory authorized to be served by the insured or elsewhere.

* * * *

It is understood and agreed that no condition, provision, stipulation, or
limitation contained in the policy, this endorsement, or any other
endorsement thereon, or violation thereof, shall relieve the company from
liability or from the payment of any final judgment within the limits of
liability herein described, irrespective of the financial condition,
insolvency or bankruptcy of the Insured. . . .

## FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT

25.    CCIC incorporates by reference paragraphs 1 through 24 of this Complaint as if
set forth fully herein.

26.    An actual controversy has arisen between CCIC and Defendants.

27.    Based upon the foregoing facts and Policy language, CCIC contends that the
CCIC Policy does not provide liability coverage for the Accident to Defendant Capital Trucking.

28.    CCIC believes that there may be other coverage defenses which may be revealed
during discovery in this action and, accordingly, incorporates all terms, conditions, exclusions
and other provisions in the Policy as defenses to any claims of coverage by Defendants.

29.    Thus, there presently exists a justiciable controversy between the parties as to the
rights and obligations of CCIC and Defendants. Under 28 U.S.C. § 2201(a), the Court may and
should declare the rights of the parties with respect to this controversy.

## SECOND REQUEST FOR RELIEF – DECLARATORY JUDGMENT

30.     CCIC incorporates by reference paragraphs 1 through 29 of this Complaint as if set forth fully herein.

31.     Based upon the foregoing facts and the terms of the MCS-90 Endorsement, CCIC contends that the MCS-90 Endorsement does not apply to the Accident such that CCIC has no suretyship obligation under the MCS-90 Endorsement related to the Accident.

32.     Even if the MCS-90 Endorsement applied to the Accident, CCIC would have no suretyship obligation pursuant to the MCS-90 Endorsement because at least one other insurance policy provides liability insurance coverage for the Accident to Defendant Capital Trucking that exceeds the financial responsibility requirements set forth in the Federal Motor Carrier Safety Regulations at 49 C.F.R. §§ 387.7-387.9.

33.     Further, even if the MCS-90 Endorsement applied to the Accident and Defendant Capital Trucking was not covered under another insurance policy providing liability coverage exceeding the financial responsibility requirements set forth in the Federal Motor Carrier Safety Regulations at 49 C.F.R. §§ 387.7-387.9, any payment obligation under the MCS-90 Endorsement does not arise until the entry of a final judgment.

34.     Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of CCIC and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff CCIC respectfully requests that this Court assume jurisdiction over this case and enter a declaratory judgment against Defendants as follows:

a.    That Plaintiff CCIC has no obligation under the Policy to provide liability coverage to Capital Trucking for any claims arising from the Accident and/or asserted in the Underlying Lawsuit;

b.    That Plaintiff CCIC has no suretyship obligation under the MCS-90 Endorsement attached to the CCIC Policy for any claims arising from the Accident and/or asserted in the Underlying Lawsuit; and

c.    That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted this ___ day of _____, 2018.